# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6668 | **DATE** | 10/3/2011 |
| **CASE TITLE** | United States vs. Bermea-Boone | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Francisco Javier Bermea-Boone's Petition under 28 U.S.C. § 2255 is denied.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form

## STATEMENT

In a jury trial that ended on June 7, 2005, Petitioner/Defendant Francisco Javier Bermea-Boone (hereinafter, the "Petitioner") was found guilty of conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846, and attempting to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841 in case No. 04-CR-672-2. He was sentenced to 204 months imprisonment on March 5, 2008. After the Seventh Circuit denied his appeal on May 15, 2009, Petitioner filed a petition for certiorari in the Supreme Court. This was denied on October 13, 2009. Petitioner then filed his timely petition for writ of habeas corpus under 28 U.S.C. § 2255 in this Court on October 12, 2010.

A federal prisoner may seek to vacate, set aside, or correct his sentence only if the prisoner establishes that: (a) the sentence was imposed in violation of the Constitution or laws of the United States; (b) the court was without jurisdiction to impose the sentence; (c) the sentence was in excess of the maximum authorized by law; or (d) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Petitioner has set forth several grounds for habeas relief. The Court addresses each in turn.

### Ineffective Assistance of Counsel

To establish an ineffective assistance of counsel claim, a petitioner must show that (a) performance of trial counsel fell below an objective standard of reasonableness, and (b) he was prejudiced in the sense that, but for the alleged errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

Petitioner first argues that his court-appointed counsel failed to investigate whether co-conspirator Juan Garcia lied to the grand jury regarding when Petitioner and co-conspirator Orlando Martinez-Navarro loaded the cocaine into the semi-truck in Texas. Petitioner also alleges that if his counsel had conducted a thorough investigation, he would have discovered that Garcia signed an affidavit in which he admitted that he

lied about the date on which Petitioner and Martinez-Navarro allegedly loaded the cocaine onto the truck.

First, in regard to this alleged affidavit, no evidence exists that it exists. Petitioner also fails to articulate what investigative steps his counsel may have taken that would have led to the discovery of this affidavit and changed the outcome of his trial. *See Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) ("[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'") (quoting *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1133 (7th Cir. 1990)). This is not a ground for habeas relief.

The charges against Martinez-Navarro were dismissed with prejudice on May 23, 2005, because Garcia changed his testimony in regard to him. Garcia told the grand jury that he saw Martinez-Navarro load the drugs onto the truck, and later recanted that testimony and said that he could only remember Martinez-Navarro arriving in a car with Petitioner at a Burger King in Monee, Illinois. Garcia, however, did not change his testimony as to Petitioner. Petitioner argues that his counsel should have moved to dismiss the charges against him for the same reasons that the government dropped the charges against Martinez-Navarro. He fails to articulate any reasons why such a motion by his counsel would have resulted in the outcome of his case being any different. Garcia was not called as a witness in Petitioner's trial, and the government immediately informed Petitioner's counsel about Garcia's changed testimony. Also, because the petit jury found Petitioner guilty, any perjury by Martinez-Navarro that may have occurred before the grand jury is considered a harmless error. *See United States v. Vincent*, 416 F.3d 593, 601–02 (7th Cir. 2005). As such, any alleged deficiency by his counsel to investigate Garcia's testimony fails as a ground for § 2255 relief.

Petitioner also argues that his counsel "fail[ed] to explain the perils of taking the witness stand and the dangers of perjury." This ineffective assistance of counsel argument fails because Petitioner does not present any evidence as to how not taking the stand would have probably led to the jury finding him not guilty. Whatever impeachment occurred because of his testimony does not create such a probability. He makes a general allegation of prejudice that does not suffice for him to succeed on his claim. Petitioner exercised his right to testify on his own behalf, and the jury still found him guilty.

Petitioner's final argument in his ineffective assistance of counsel claim is that his counsel failed "to challenge the Grand Jury array." Again, a petit jury found him guilty beyond a reasonable doubt. The Court cannot decipher how a remedy of this alleged grand jury shortcoming by his counsel in any way would have created a reasonable probability that his trial would have ended with a different result.

Accordingly, Petitioner's § 2255 motion is denied on ineffective assistance of counsel grounds.

### *Brady* Violation

Petitioner also argues that the government violated *Brady* by failing to provide exculpatory evidence to him in regard to Garcia. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). Petitioner contends that the government did not provide him with the aforementioned affidavit in which Garcia admitted that he lied to the grand jury about the date on which Petitioner and Navarro-Garcia loaded cocaine onto the semi-truck in Texas. The government argues that this affidavit does not exist. Petitioner has not attached this affidavit to his Motion. He has not presented any evidence concerning the existence of this affidavit. As such, the Court cannot find that the government violated *Brady* in regard to any affidavit. Further, the government informed Petitioner's counsel promptly about Garcia's changed testimony that related to Martinez-Navarro. Therefore, Petitioner has failed to establish a *Brady* violation that would provide him grounds for § 2255 relief.

### Denial of Access to the Courts

## STATEMENT

As his final ground for habeas relief, Petitioner alleges that he has been denied access to the courts by not receiving certain materials he requested that the government used in the case against him and his co-defendants. The government, however, provided Petitioner with the recordings he requested in his Motion to Compel filed on the docket in his criminal case. Case No. 04-CR-672-2, ECF No. 171, Dec. 15, 2009. He filed a subsequent Motion to Compel on August 16, 2010, for copies of two tape recordings. He made no other requests for "copies of all of the exhibits and motions submitted by the government" that he appears to allege provide him grounds for habeas relief. Petitioner has failed to establish that he has been denied access to the courts. Upon reviewing the record in this case, it appears that Petitioner received the discovery he requested. The Court does not need any further discovery to decide Petitioner's Motion, as this would not change the disposition of the matter.

Accordingly, because Petitioner has failed to establish a meritorious claim for relief, the Court denies his Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255.